# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON WILDER, | ) |
| | ) CR 3-260 |
| Plaintiff, | ) 2:13-cv-1554 |
| | ) |
| V. | |
| | |
| UNITED STATES, | |
| | |
| Defendant. | |

**MEMORANDUM ORDER**

Before the Court is Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255. Defendant contends that <u>Alleyne v. United States</u>, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), entitles him to relief. Also before the Court is the Government's Motion to Dismiss Defendant's request for relief for lack of jurisdiction, contending that it constitutes an impermissible second or successive petition.

Section 2255 permits a second or successive habeas petition only with certification by a court of appeals. 28 U.S.C. § 2255(h). "A petitioner's failure to seek such authorization from the appropriate court before filing a second or successive habeas petition 'acts as a jurisdictional bar.'" <u>Blystone v. Horn</u>, 664 F.3d 397, 412 (3d Cir. 2011) (quoting <u>United States v. Key</u>, 205 F.3d 773, 774 (5th Cir. 2000)). In this action, Defendant filed a Motion to Vacate on September 23, 2008, which was denied, as was a Motion to reconsider that decision. The Court of Appeals then denied his request for a certificate of appealability. To the extent that Defendant wishes to pursue a second petition based on <u>Alleyne</u>, he must first seek permission to do so from our Court

of Appeals. Accordingly, I am without jurisdiction to entertain his Motion, and it must be dismissed.

AND NOW, this 19th day of December, 2013, IT IS SO ORDERED. The Government's Motion [310] is GRANTED, and Defendant's Motion [307] is dismissed for lack of jurisdiction, as an impermissible second or successive petition pursuant to 28 U.S.C. § 2255.

BY THE COURT:

_/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court